FRANCIS A. LAZENBY, Suing on Behalf of Himself and Other Stockholders of the INTERNATIONAL COTTON MILLS CORPORATION, Plaintiff, *v.* INTERNATIONAL COTTON MILLS CORPORATION et al., Respondents and Appellants.

KATE B. PITT et al., Appellants and Respondents.

*Lazenby* v. *International Cotton Mills Corpn.*, 174 App. Div. 906, affirmed.

(Argued April 14, 1919; decided April 29, 1919.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 28, 1916, modifying and affirming as modified a judgment in favor of defendants entered upon the report of a referee. The action was brought to set aside the voluntary dissolution of the New York company, which was consummated under the provisions of section 221 of the General Corporation Law of the state of New York; declare void and set aside a sale of the assets of the New York company made by the directors of that company, acting as trustees in liquidation thereof to the International Cotton Mills, a Massachusetts corporation; enjoin and direct a retransfer to the New York company of the assets and cash sold and transferred to the Massachusetts corporation by the directors of the New York company; require the Massachusetts corporation and the individual defendants to account for the property and assets of the New York company which were so transferred; enjoin and restrain the defendants from selling, disposing of, incumbering or in any way interfering with or exercising any ownership over the property so transferred or the proceeds or increases thereof. The complaint was dismissed upon the merits, provided that the defendants tender to the plaintiff and to the

intervening plaintiffs, except Allein W. Bates, a total of 1,613.46 shares of common stock of the defendant International Cotton Mills of Massachusetts. The Appellate Division modified the judgment by providing that plaintiffs should have an option, if they so desired, to take in cash the value of their stock in the International Cotton Mills Corporation of New York at the time of the reorganization, instead of the stock directed in the judgment to be tendered to them. In case the plaintiffs, or any of them, elected to take such value the same was to be determined by an appraisal under section 17 of the Stock Corporation Law.

*William H. Page, William L. Marbury* and *Powell C. Groner* for interveners, appellants and respondents.

*Irwin Untermeyer* for defendants, respondents and appellants.

Judgment affirmed, without costs; no opinion.

Concur: CHASE, COLLIN, CUDDEBACK, HOGAN and CRANE, JJ. Absent: HISCOCK, Ch. J. Not sitting: MCLAUGHLIN, J.