HARVEY NEUMAN, as Administrator, etc., of MINNIE KANTOR, Deceased, Respondent, v. KATE LEVY, Appellant.— Order striking out the affirmative defense of the Statute of Limitations contained in paragraphs fifth to ninth, inclusive, of the defendant's answer in a negligence action brought by the administrator to recover damages resulting from the death of plaintiff's intestate through the alleged negligence of the defendant affirmed, with ten dollars costs and disbursements. We are of opinion that the limitation of time contained in the Decedent Estate Law (§ 130) within which an action may be brought by an executor or administrator for negligence causing death of the decedent is not a defense to an action brought within two years after the death of the person injured as the result of an accident where an action, duly brought, was pending at the time of her death, notwithstanding the expiration of the three-year period prescribed by the Civil Practice Act (§ 49) within which an action to recover damages for a personal injury resulting from negligence must be brought. (*Haas* v. *N. Y. Post Graduate Medical School & Hospital*, 131 Misc. 395.) (See, also, *Littlewood* v. *Mayor, e c., of New York*, 89 N. Y. 24, and *Murray* v. *Usher*, 117 id. 542, at p. 548.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.