LEWIS E. EMERY, as Administrator of the Estate of KATHLEEN EMERY, Deceased, Respondent, *v.* THE ROCHESTER TELEPHONE CORPORATION, Appellant.

(Argued April 15, 1936; decided July 8, 1936.)

*Casper V. Baltensperger* and *T. Carl Nixon* for appellant.

*George Hoffenberg* for respondent.

LOUGHRAN, J. Kathleen Emery, aged seven years, died of scarlet fever. Her father, Lewis E. Emery, as her administrator, brings this action under article 5 of the Decedent Estate Law (Cons. Laws, ch. 13), complaining that the child's death was the result of a wrongful neglect or default by the defendant telephone company of its duty as a public service corporation.

In its answer the company sets forth as a second affirmative defense that a schedule of its rates filed with the Public Service Commission limited liability for failure of service to *pro rata* allowances upon its monthly charges. The Appellate Division has certified to us the question whether that fact is a defense to the complaint as matter of law. We are to answer only if the complaint is itself sufficient. (*Small* v. *Sullivan*, 245 N. Y. 343.)

Plaintiff alleges that the defendant undertook to supply telephone service to his household and that tolls charged therefor had been regularly paid. " That on the 8th day of March, 1933, at or about two o'clock in the morning of that day Kathleen Emery, the deceased, required the immediate attention of her physician and pursuant to the instructions of the physician who had then returned to his home, the said Lewis E. Emery, did endeavor to summons him by telephone. That due to the negligence and carelessness of the defendant, its agent, servant and employee, the said Lewis E. Emery was unable to obtain a response from the central operator employed by the defendant, to handle calls coming from the residence of the said Lewis E. Emery and others living in the same locality and despite his repeated attempts lasting over a long period of time to obtain telephone service, he was unable to do so and was compelled to eventually dispatch a messenger for the physician. * * * That as a result of the delay in obtaining medical attention and care, caused by the defendant's negligence in failing to fulfill its duty to furnish prompt and efficient service, Kathleen Emery died on the 8th day of March, 1933."

On these allegations, the defendant may be taken to have breached its contract and its statutory duty. (Public Service Law [Cons. Laws, ch. 48], §§ 91, 93. Cf. Transportation Corporations Law [Cons. Laws, ch. 63], § 28.) We assume the hypothesis of the death of the child as a proximate result to be more than mere speculation. Something else is essential, however, to warrant a recovery by the plaintiff and that additional element is wanting.

An action by an executor or administrator for negligence or wrongful act or default causing the death of a decedent may be maintained only " against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." (Decedent Estate Law, § 130.) Although the statute " creates a new cause of action " (*Matter of Meekin* v. *Brooklyn Heights Railroad Co.*, 164 N. Y. 145, 153), and the presupposition of liability antecedent to death has no relation to the measure of recovery (Decedent Estate Law, § 132), still " the action can be maintained only in the cases in which it could have been brought by the deceased, if he had survived." (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465, 469. So, *Littlewood* v. *Mayor*, 89 N. Y. 24. Cf. Decedent Estate Law, § 120, added by Laws of 1935, ch. 795.) It is in this aspect that the present complaint states no cause of action. (Tiffany on Death by Wrongful Act [2d ed.], §§ 63, 181.)

Any recovery by the decedent against the defendant would have been limited to actionable damage sustained by her through its wrong. There was no direct interference with her physical person. (Cf. *Brown* v. *Buffalo & State Line R. R. Co.*, 22 N. Y. 191.) All the harm done to her, if any, was relievable pain or emotional distress suffered because of the non-attendance of the physician. Nothing in the pleading concretely suggests such a result of the defendant's non-feasance (Cf. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Craft*, 237 U. S. 648, 655) and in any case, as we think, a telephone

company cannot be deemed to have assumed responsibility for special damages of that kind where, as here, the company did not have notice of so indefinite a risk of failure of its service. (See *Kerr S. S. Co.* v. *Radio Corp.*, 245 N. Y. 284; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; 3 Sedgwick on Measure of Damages [9th ed.]; § 897a. Cf. *Globe, M. I. & S. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 227 N. Y. 58; 1 Street on The Foundations of Legal Liability, p. 459.)

Since there would here have been no liability to the decedent had she survived, it follows that the plaintiff has no case under the death statute.

As to the validity of the defense of limitation of liability we express no opinion. That defense is to be deemed an adequate answer to this insufficient complaint. (*Baxter* v. *McDonnell*, 155 N. Y. 83, 100.)

The orders should be reversed, and the motion to strike out the second affirmative defense denied, with costs in all courts to the appellant. The question certified is answered in the affirmative.

FINCH, J. (dissenting). To hold that the complaint as a matter of law should be dismissed amounts to a holding that the defendant may incur no liability even though its neglect is gross and willful and the resulting damage is irreparable. In addition the interpretation placed upon section 130 of the Decedent Estate Law would seem to do violence to the evident purpose of the statute.

Section 130, under which the present action is brought, was enacted to alleviate the harshness of the common law rule that an action for tort does not survive the death of the injured party. Patterned after Lord Campbell's Act the purpose of the statute was not to enrich the estate of the deceased but to compensate the dependents of the deceased for the pecuniary loss they had sustained by reason of the death. The damages are measured not by the pain and suffering the decedent endured, but by the monetary loss in future earnings and services. The

statute incorporates one limitation, that recovery can be had only against a person who " would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." The evident meaning of this phrase is to prevent recovery where the decedent himself was guilty of causing his own death or where there had been no breach of duty on the part of the defendant. This it is submitted is the real basis for the limitation. " The condition has reference, of course, not to the loss or injury sustained by him [the decedent], but to the circumstances under which the bodily injury arose, and to the nature of the wrongful act, neglect, or default." (Tiffany on Death by Wrongful Act [2d ed.], § 63.)

Tested by this interpretation the complaint states a cause of action. If necessary, pain and suffering on the part of the deceased by reason of the negligence of the defendant could be inferred, since it is alleged that death was ultimately caused. But this court not only has never before required such allegations in actions of this kind, but has held that the very presence of pain and suffering is unnecessary to the maintenance of the action. (See *Brown* v. *Buffalo & State Line R. R. Co.*, 22 N. Y. 191, where death resulted instantaneously; *Comstock* v. *Wilson*, 257 N. Y. 231.) It is metaphysical to conjecture on the damages the decedent could have recovered if she had lived; they might well have been substantial, but even if she could have recovered only nominal damages the cause of action in favor of the next of kin is not affected. (Tiffany, *supra*, § 63. Cf. Decedent Estate Law, § 120.)

Nor does the rule enunciated in *Kerr S. S. Co.* v. *Radio Corp.* (245 N. Y. 284) seem to bar recovery here. Even assuming that the contractual rule applies (Cf. *Duncan* v. *St. Luke's Hospital*, 113 App. Div. 68; affd., 192 N. Y. 580; 3 Sutherland on Law of Damages, § 965) and that only such damages can be recovered as were within the " contemplation of the parties," this rule would not lead to a dismissal of the complaint. The plaintiff contracted with the defendant for continuous telephone

service. Not only is it foreseeable that the telephone may be used to summons a physician to the household in time of need, but such use is commonly desired by the average family. Particularly is this so in rural areas. Indeed, the necessity of a telephone for just such purposes often furnishes a vital reason for the contract of subscription. The contract, moreover, clearly contemplates that the service will be used not only for the benefit of·the subscriber but for his immediate family. To require notice to be given of a·" special " risk would be to deny recovery in all cases of this kind, since² the very lack of communication which gives rise to the action would prevent the plaintiff from giving notice of the emergency. The telephone contract is in this particular quite different than the contract to send a telegram. (See 3 Sutherland on Law of Damages, § 965, p. 3587.) And in the *Kerr Case* (*supra*, p. 292), which involved the transmission of a message in cipher, CARDOZO, Ch. J., said: " A different question would be here if the plaintiff were seeking reparation for a wrong unrelated to the contract, as *e. g.*, for a refusal to accept a message." Such consequences flowing from the failure to furnish any service at all may fairly be said to be within the contemplation of the parties. (*Western Union Tel. Co.* v. *Lawson*, 182 Fed. Rep. 369.) In cases similar to the case at bar the courts of other jurisdictions have generally allowed recovery. (See *Chesapeake & Potomac Tel. Co.* v. *Carless*, 127 Va. 5; 23 A. L. R. 943; see, also, Note [1931], 45 Harv. L. Rev. 393 and cases collected in 78 A. L. R. 661.) An unexplained failure to give any service at all not only constitutes gross negligence but requires an answer.

We are not unaware of the fact that a telephone company cannot be made liable for every delay and fault in service. That some incidental delay often occurs is well known, and such delays must be expected. Nor is the telephone company an insurer of service at all times, no matter what the circumstances. But it is a far cry from

this to say that the telephone company shall not be liable no matter how gross or willful its interruption of service may be. The complaint as drawn is sufficiently broad to encompass such a situation. The plaintiff should be permitted his day in court to show this and not have his complaint dismissed as a matter of law. The sufficiency of the complaint has been assumed heretofore and it has not been attacked in the courts below.

A breach both of contractual and statutory duty (Public Service Law, §§ 91, 93. Cf. Transportation Corporations Law, § 28) is conceded in the majority opinion as well as the allegation of proximate cause.

A dismissal of the complaint as a matter of law makes it unnecessary at this time to consider the sufficiency of the affirmative defense.

CRANE, Ch. J., and HUBBS, J., concur with LOUGHRAN, J.; LEHMAN, J., concurs in result; FINCH, J., dissents in opinion in which O'BRIEN and CROUCH, JJ., concur.

Orders reversed, etc.