ELLEN JOHNSON, as Administratrix, etc., of JOHN JOHNSON, Deceased, Respondent, *v.* STROMBERG-CARLSON TELEPHONE MFG. CO., Appellant.

Fourth Department, March 10, 1937.

*Charles W. Green* [*Clarence L. Burton* with him on the brief], for the appellant.

*William L. Clay,* for the respondent.

LEWIS, J. An appeal from an order denying defendant's motion to dismiss the complaint herein presents the question whether plaintiff's right of action is barred by the Statute of Limitations.

The action was commenced March 17, 1936, to recover damages for the death of plaintiff's intestate from silicosis which is alleged to have been caused by defendant's failure to comply with various provisions of the Labor Law requiring the installation and use of ventilating devices in its factory where the decedent was formerly employed. The complaint purports to state a single cause of action for an alleged breach of statutory duty, as to which the six-year Statute of Limitations is a bar. (Civ. Prac. Act, § 48, subd. 2.) The last day of decedent's employment by the defendant was April 16, 1929; his death occurred February 3, 1936, after an interval of more than six years.

Where the Statute of Limitations has barred a claim for personal injuries during a claimant's lifetime, the cause of action is not revived in favor of his estate by his subsequent death from the original wrong. The right of action created by section 130 of the Decedent Estate Law does not confer upon a decedent's estate the right to enforce a cause of action which had outlawed in his lifetime. (*Kelliher* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 207, 212.)

The defendant concedes, however, that the cause of action alleged in the complaint which is the subject of this appeal, may be preserved to the decedent's estate if there was pending undetermined at the time of his death a similar suit brought by him against the defendant within six years after the alleged wrong and in which a cause of action is alleged of the same character, viz., breach of statutory duty. (*Neuman* v. *Levy,* 245 App. Div. 733; *Haas* v. *N. Y. Post Graduate Medical School & Hospital,* 131 Misc. 395, 397. Cf. *Littlewood* v. *Mayor of New York,* 89 N. Y. 24, 28.)

The plaintiff pleads the pendency of such an action, the reference being to a prior suit against the defendant which was commenced by the decedent July 5, 1933. The complaint in that prior action — to which it will be convenient to refer as the 1933 complaint — is before us and has been closely examined. It alleges a cause of action in negligence which, it must be conceded, was barred by the three-year Statute of Limitations. (Civ. Prac. Act, § 49, subd. 6.) It also contains allegations which purport to set forth a cause

of action for nuisance. However, our courts have recently had occasion to consider similar allegations in kindred actions, as to which it has been said: " The gist of the wrong alleged * * * is an injury resulting from negligence although the pleader has attempted to set forth causes of action which in form are for damages caused by nuisance, * * *. The nature and origin of the liability asserted is, regardless of form, a liability for damages caused by negligence." (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287, 302, 303; *Stornelli* v. *United States Gypsum Co.*, 271 id. 582.)

We do not find alleged in the 1933 complaint a cause of action for breach of statutory duty. True, there are numerous allegations of failure by the defendant to provide safeguards required by the Labor Law to promote ventilation of workrooms where the decedent was employed, but those instances of alleged neglect are repeatedly classed by the pleader as negligence and as such are said to have caused the plaintiff's injuries. In that connection it is to be noted that the first detailed statement of the injuries claimed by the plaintiff and their cause is the allegation: " *Fourth.* * * * that because of the failure of the defendant to furnish to this plaintiff safe apparatus and safeguards there were permitted to enter the respiratory tract * * * of the plaintiff silica dust * * * and other foreign materials * * * with the consequential result that the plaintiff became disabled and ill necessitating medical care and physical examinations, and confinement in Iola Sanitarium, Monroe county, New York, as a result of which examinations and treatment it was determined that he contracted pneumoconiosis, silicosis and disease of both lungs, occasioned, upon information and belief, *solely and wholly because of the negligence of the defendant,* its agents, servants and employees, and that *said negligence caused the injuries complained of* and will eventually cause the death of the plaintiff." Then follow seventeen paragraphs containing allegations which repeatedly describe various forms of breach of duty with which the defendant is charged, at the end of which is the allegation: " *Twenty-second.* * * * that said failure to comply with the above sections of the Labor Law and the above Rules of the Industrial Code promulgated thereunder *constituted negligence* and that *by reason of the said negligence* plaintiff contracted pneumoconiosis, silicosis and disease thereby as aforesaid."

The 1933 complaint was not only thus self-styled as one in negligence but when allegations which bear marked similarity were later examined in the *Schmidt Case (supra)* the court said (p. 299): " The wrong alleged in the first cause of action is unquestionably the negligence of the defendant. Failure to comply with statutory

safeguards, commanded by the State for the purpose of protecting employees from injury through inhalation of dust, is alleged only as a specification of defendant's negligence. That cause of action is barred three years from the date it accrued."

Our conclusion is that the 1933 complaint alleged only a cause of action in negligence which was barred three years after it accrued and before that action was commenced; that at the time of the death of plaintiff's intestate no action was pending undetermined which had been brought by the decedent against the defendant within six years after the alleged wrong, in which a cause of action for breach of statutory duty was alleged. If follows that the cause of action for breach of statutory duty alleged in the complaint in the present action was not preserved to the estate of the decedent but was barred by the six-year Statute of Limitations.

Accordingly the order from which appeal is taken should be reversed on the law, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint herein granted, without costs.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs.