FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the COMMERCIAL NATIONAL BANK OF BRADFORD, PENNSYLVANIA, Respondent, v. JOHN MCAMBLEY and Others, Defendants, and THE FIRST NATIONAL BANK OF OLEAN, N. Y., Appellant.— Judgment so far as appealed from, modified on the law and facts as a matter of discretion in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party.    Memorandum: Under the particular circumstances disclosed by this record, we are of the opinion that to charge the appellant with either the interest, as computed by the official referee, or the costs of the action, would be inequitable.    While we agree with the referee that the telephone conversation between the officers of the Bradford Bank and of the Olean Bank did not have the effect of modifying the clause in the mortgage to the effect that all payments thereon should be prorated between the mortgagees, this conversation did have the effect of postponing (for the convenience of both mortgagees) the time when adjustments should be made.    (*Lieberman* v. *Templar Motor Co.*, 236 N. Y. 139, 147.)    The judgment, therefore, should be modified on the law and on the facts as a matter of discretion (1) by reducing the amount of the recovery in favor of the plaintiff against the defendant The First National Bank of Olean, N. Y., to the sum of $2,781.27, with interest thereon from October 24, 1939 (the date of the commencement of this action), and (2) by substituting in ordering paragraph No. 3 of the judgment, for the word " defendants," the words " defendant, John McAmbley," and as so modified, the judgment should be affirmed, without costs.    All concur.    (The portion of the judgment appealed from awards plaintiff judgment against the First National Bank of Olean in a mortgage foreclosure action.)    Present — Crosby, P. J., Cunningham, Taylor Dowling and Harris, JJ.

SEBASTIANO PARADISO, Respondent, v. UNITED STATES GYPSUM COMPANY, Appellant.— Amended judgment and order reversed on the law and facts with costs, and complaint dismissed, with costs.    Memorandum: Our reading of the record leads us to the conclusion that the jury's verdict is contrary to, and against, the weight of evidence.    We are also of the opinion that the cause of action, which was submitted to the jury, was barred by the six-year Statute of Limitations and that the defendant's motion, to dismiss the complaint, should have been granted.    (See *Johnson* v. *Stromberg-Carlson Telephone Mfg. Co.*, 250 App. Div. 352; affd., 276 N. Y. 621.)    All concur.    (The amended judgment is for plaintiff in an action to recover damages for personal injuries sustained by reason of contracting pneumoconiosis.    The order denies a motion for a new trial.)    Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.