■ MICHAEL FLYNN, Respondent, v. SINCLAIR OIL CORPORATION et al., Appellants, et al., Defendants.— Order, entered on July 22, 1963, denying motions of defendants-appellants to dismiss the causes of action and the complaint but granting motion to add a party defendant, unanimously reversed on the law, without costs, and the motion to dismiss the complaint granted on the ground of *res judicata.* Negligence by an oil burner installer in repairing a stairway and railing previously damaged by it, might establish prima facie liability to an employee of the building owner whose injury was caused by a defect in the repair, whether the repair was authorized or merely volunteered (see, e.g., *Inman* v. *Binghamton Housing Auth.,* 3 N Y 2d 137, 143–146; 28 N. Y. Jur., Independent Contractors, § 49). However, except for an added irrelevant allegation concerning continued fuel oil service, plaintiff's complaint

is virtually identical to one previously dismissed for failure to state a cause of action. No appeal was taken from that dismissal at Special Term. Accordingly, this second action is barred on the ground of res judicata, and the complaint should have been dismissed (see Linton v. Perry Knitting Co., 295 N. Y. 14; Restatement, Judgments, § 50, especially Comment c). The notice of appeal states that appeal is taken only from certain designated portions of the Special Term order, and fails to state that appeal is taken from the denial of the motion to dismiss on the ground of res judicata, which is not expressly designated in the order. However, the parties have briefed the res judicata issue, and plaintiff does not mention the notice of appeal defect. It is therefore disregarded. Even if the omission had been raised by plaintiff it could have been corrected. (CPLR 2001, formerly Civ. Prac. Act, § 105; cf. Matter of Academy Housing Corp., 7 A D 2d 725.) No costs of the appeal are awarded because the prior pleading which was dismissed was not included in the printed record on appeal and was furnished only after the omission was brought to the attention of counsel, and because of the defect in the notice of appeal. Concur — Botein, P. J., Breitel, Rabin, and Witmer, JJ.