■   HERBERT K. ASTMANN, Appellant, v RUTH K. ASTMANN, Respondent. —Order affirmed, without costs. All concur, Simons, J. not participating. Memorandum: Plaintiff appeals from an order which dismissed his motion to modify provisions for support of his children made in a separation agreement incorporated but not merged in an Alabama divorce decree. By the terms of that 1963 agreement securities purchased by the plaintiff for and in the names of his three children were delivered to his wife and held by her, the income and principal to be used by her in her sole discretion, for the purpose of educating and caring for the children. In 1969 after the children had all attained majority, plaintiff moved to compel the wife to account for the stock and the income. None of the children was joined in that action. The complaint was dismissed pursuant to CPLR 3211 (subd [a], pars 1, 3, 7) because by the terms of the agreement the wife had sole discretion in the handling of the funds and because the children, not the plaintiff, were the only parties possessing the legal capacity to seek the relief requested. The present application to modify under section 236 of the Domestic Relations Law was commenced in 1974 and seeks virtually identical relief, albeit by a different type of proceeding, and Special Term properly determined that the prior judgment was *res judicata (Flynn v Sinclair Oil Corp.,* 20 AD2d 636, affd 14 NY2d 853; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211, C3211:66–67). (Appeal from order of Erie Special Term dismissing proceeding to modify decree of divorce.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.