Memorandum. By contract dated October 13, 1969, plaintiff homeowner purchased from defendant contractor an in-ground, steel-walled swimming pool which was installed later that month. The pool collapsed on or about March 15, 1973.
 

 In an action instituted on January 7, 1974, plaintiff sought damages in a complaint asserting negligence, as well as allegations that plaintiff relied on defendant’s representations
 
 *1101
 
 that it was an expert, specifically skilled in swimming pool construction, and that plaintiff had no knowledge or means of ascertaining whether the pool was properly erected until its collapse. Among other things, plaintiffs bill of particulars alleged the use by defendant of "inferior materials”, causing the collapse, and that defendant’s "patented braces were insufficient”. Damages were categorized as loss in valuation, cost of repairs, and landscaping of the pool area. On defendant’s motion for summary judgment and dismissal on the ground that the action was time-barred, plaintiff submitted a brief which stated: "The present action is one based on strict liability and tort and as expounded * * * in
 
 Codling vs. Paglia”;
 
 and "On the question of statute of limitation in a strict liability and tort situation the statute of limitations does not begin to run until the actual damage occurs”. Defendant in its brief, in turn, argued that plaintiff did not allege and the facts did not substantiate a cause of action based on strict liability. Special Term held that CPLR 214 (subd 4) and subdivision (1) of section 2-725 of the Uniform Commercial Code "indicate that the cause of action was not brought timely”, and noted "However, the Plaintiff contends that the action is based on strict liability”. Plaintiff did not appeal from the order and judgment of dismissal.
 

 In the present action, commenced on June 14, 1974, the complaint sets forth substantially similar facts as in the first and alleges two causes of action, one on the theory of strict products liability and the other for breach of warranty. Based on the judgment entered in the prior action, the answer contains an affirmative defense of
 
 res judicata.
 
 Again, defendant moved for summary judgment and dismissal. The second Special Term granted the motion and dismissed the complaint, without opinion, but the preamble of the order as entered recited that the motion by defendant was based on the grounds that the asserted causes of action were barred by the Statute of Limitations and that as to each cause plaintiff is directly and collaterally estopped.
 

 Where a plaintiff brings an action to enforce a claim and is barred from proceeding thereon because of a Statute of Limitations’ defense which has been interposed, the judicial decision is on the merits and plaintiff is precluded from thereafter maintaining another action to enforce the claim in the same State (Restatement, Judgments, § 49, Comment
 
 a,
 
 p 194; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY,
 
 *1102
 
 Book 7B, CPLR 3211.66, p 72; 9 Carmody Wait 2d, NY Prac, § 63:211, p 228). Moreover, having raised the issue of strict products liability in the previous time limitation consideration, plaintiff is now estopped by the prior adjudication. Plaintiffs remedy was an appeal from that determination rather than a second action setting forth the same cause of action as that claimed to have been asserted when the controversy was reviewed initially. For these reasons, we conclude that there should be an affirmance.
 

 Accordingly, the order appealed from should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.