473 A.2d 22

Rose WEINBERG et al.

v.

JOHNS–MANVILLE SALES CORPORATION et al.

No. 55, Sept. Term, 1982.

Court of Appeals of Maryland.

April 5, 1984.

Peter T. Nicholl, Baltimore (Ashcraft & Gerel, Baltimore, on the brief), for appellants.

Leland S. VanKoten, Towson (Robert E. Scott, Jr., Bruce R. Parker, Daniel W. Whitney, Semmes, Bowen & Semmes, Donald A. Krach, F. Ford Loker, Niles, Barton & Wilmer, Michael B. Mann, Merriman & Mann, James R. Eyler, Miles & Stockbridge, Michael E. Marr, Baltimore, H. Emslie Parks and Wright & Parks, Towson, on the brief), for appellees.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

DAVIDSON, Judge.

This case presents the question whether a New York judgment in favor of a defendant in a New York wrongful death action bars a subsequent wrongful death action in Maryland. More particularly, the question presented is whether a New York judgment, dismissing a New York wrongful death action on the ground that at the time of

death the decedent could not have maintained an action because barred by limitations,[1] bars a subsequent wrongful death action in Maryland.

The petitioner, Rose Weinberg (administratrix), is the widow of Albert Weinberg (decedent) and the administratrix of his estate. From 1941 to 1945, the decedent was employed in Maryland as a shipyard worker. From 1947 to 1948, he was similarly employed in New Jersey. As a shipyard worker, the decedent worked with and was exposed to asbestos and asbestos products manufactured, sold and distributed by the respondents, Johns-Manville Sales Corporation and others (Johns-Manville).[1a] In 1948, the decedent and his wife moved to New York where he was not further exposed to asbestos.

In June of 1975, the decedent was diagnosed as suffering from pleural malignant mesothelioma—a form of lung cancer allegedly caused by asbestos exposure. The decedent died on 28 February 1977.

Within two years after the decedent's death, on 2 July 1977, in the Supreme Court of the State of New York, County of New York, the administratrix, insofar as here relevant, filed a wrongful death action, pursuant to New York Estates, Powers & Trusts Law § 5–4.1 (McKinney 1967),[2] now (McKinney 1981 & 1983 Supp.), against Johns-

---

**1.** Throughout this opinion, the phrase "barred by limitations" means "barred by the statutes of limitations applicable to the decedent's action."

**1a.** We note that on 4 January 1983, this Court ordered that the instant case proceed "except as to the Chapter 11 defendants, including Johns-Manville Sales Corporation and Unarco Industries, Inc."

**2.** N.Y.Est.Powers & Trusts Law § 5–4.1 (McKinney 1967) provided in pertinent part:
"The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death *against a person who would have been liable to the decedent by reason·of such wrongful conduct if death had not ensued. Such an action*

Manville, based upon negligence, intentional harm, strict liability, and breach of warranty. Johns-Manville, pursuant to New York Civil Practice Law §§ 3211[3] and 3212[4] (McKinney 1970), filed a motion for summary judgment dismissing the complaint on the ground that the action could not be maintained because at the time of death the decedent could not have maintained an action because barred by limitations. On 19 October 1979, the New York Supreme Court granted the motion for summary judgment and directed the entry of a final judgment dismissing the complaint. This judgment was affirmed on appeal by the Supreme Court, Appellate Division and the Court of Appeals of New York. *Weinberg v. Johns-Manville Products Corp.,* 78 A.D.2d 784, 434 N.Y.S.2d 845 (1st Dept.1980), *affirmed,* 54 N.Y.2d 1008, 1010, 430 N.E.2d 1297, 1298, 446 N.Y.S.2d 244, 245 (1981).

The Court of Appeals of New York, in reaching its result, expressly rejected a contention that a cause of action for injuries caused by the inhalation of asbestos particles accrues at the time at which the asbestos-related disease was or could have been discovered. Rather, that Court reiterated that under New York law such a cause of action accrues, and therefore the applicable statutes of limitations begin to run, at the time of the last employment-related exposure to

---

*must be commenced within two years after the decedent's death."* (Emphasis added.)

**3.** N.Y.Civ.Prac.Law § 3211 (McKinney 1970) provides in pertinent part:
"(a) . . . A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

.    .    .    .    .

5. *the cause of action may not be maintained because of . . . statute of limitations. . . .*
(c) . . . Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment." (Emphasis added.)

**4.** N.Y.Civ.Prac.Law § 3212 (McKinney 1970) provides in pertinent part:
"(a) . . . [A]ny party may move for summary judgment in any action, after issue has been joined."

the invading substance. That Court held that the wrongful death action was barred because it was instituted more than four years after the decedent's last employment-related exposure to asbestos particles, the time at which the decedent's cause of action accrued.[5]  *Weinberg,* 54 N.Y.2d at 1010–11, 430 N.E.2d at 1298–99, 446 N.Y.S.2d at 245–46. Implicit in this holding is the determination that the wrongful death action could not be maintained because the administratrix failed to establish that the decedent had the right to maintain an action at the time of death.

On the theory that under Maryland law, a wrongful death action, commenced within three years after the decedent's death, can be maintained, notwithstanding the decedent's inability to maintain an action if death had not ensued, because barred by limitations, the administratrix, on 19 July 1979, insofar as here relevant, filed a wrongful death action pursuant to Maryland Code (1974, 1980 Repl.Vol. & 1983 Cum.Supp.) §§ 3–901 through 3–904 of the Courts and Judicial Proceedings Article,[6] in the Superior Court of Baltimore City (now the Circuit Court for Baltimore City). Johns-Manville filed "special pleas" and a motion for summary judgment alleging, insofar as here relevant, that under the principles of full faith and credit and res judicata the

---

**5.**  Apparently, the New York Court of Appeals applied N.Y.U.C.C. § 2–725(1) (McKinney 1964). That section provides in pertinent part, with respect to actions based upon breach of warranty, as follows:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

**6.**  § 3–901 provides in pertinent part:

"(e) ... 'Wrongful act' means an act, neglect, or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued."

§ 3–902 provides in pertinent part:

"(a) ... An action may be maintained against a person whose wrongful act causes the death of another."

§ 3–904 provides in pertinent part:

"(g) ... *An action under this subtitle shall be filed within three years after the death of the injured person.*" (Emphasis added.)

Maryland wrongful death action was barred by the New York judgment. The administratrix filed an answer asserting, insofar as here relevant, that under those principles the New York summary judgment dismissing the New York wrongful death action did not bar the Maryland wrongful death action.

On 2 February 1982, in a written memorandum opinion, the trial court initially determined that under principles of res judicata the New York judgment did not bar the Maryland wrongful death action. In reaching this conclusion, the trial court said:

> "Defendants contend that the dismissal in New York of the wrongful death action is a res judicata determination of the wrongful death action in Maryland. Defendants view the New York ruling as substantive rather than procedural, since *the dismissal of the wrongful death action was predicated on the inability of the decedent to maintain an action in his own right if death had not ensued.* However, the decedent was barred from maintaining his own suit solely because of limitations. *It is only reasonable to characterize the New York dismissal of the wrongful death action as one also based on limitations, a procedural ground, rather than characterize it as a dismissal on a substantive ground.* Therefore, the dismissal of the New York suit is not res judicata to the present suit in Maryland." (Emphasis added.)

In response to other contentions of the parties, the trial court additionally determined that under Maryland choice of law principles, Maryland law was applicable and that under Maryland law, the Maryland wrongful death action would be barred. In reaching this conclusion, the trial court said:

> "[T]he wrongful death action can be maintained only if the decedent would be entitled 'to maintain an action and recover damages if death had not ensued.' The decedent could not have maintained the Maryland suit if he had not died, since the first suit of any type filed in Maryland was

more than four years after he discovered his injury.[7]  The wrongful action being predicated on the decedent's right to maintain the suit had he lived, it must also be dismissed." (Citations omitted.)

Thus, the trial court concluded that under Maryland law a condition precedent to the right to maintain a wrongful death action is that the decedent, if death had not ensued, could have maintained an action at the time of the institution of the wrongful death action.  On 2 February 1982, the trial court granted the motion for summary judgment and entered a final judgment in favor of Johns-Manville.

The administratrix filed an appeal to the Court of Special Appeals.  While that appeal was pending, the administratrix filed a petition for a writ of certiorari.  The sole question presented was whether under Maryland law the Maryland wrongful death action was barred because the decedent, if death had not ensued, could not have maintained an action at the time of the institution of the wrongful death action.  Johns-Manville filed an answer and a conditional cross-petition in which two questions were presented.  The first question was whether under principles of full faith and credit and res judicata the Maryland wrongful death action was barred by the New York judgment.  The second question was whether under Maryland choice of law principles New York substantive law was applicable and, if so, whether under New York law the Maryland wrongful death action was barred.  We granted the petition and cross-petition before consideration by the Court of Special Appeals.  Be-

---

7.  The trial court applied Md.Code (1957, 1964 Repl.Vol.), Art. 95B, § 2–725(1), now Md.Code (1975) § 2–725(1) of the Commercial Law Article, which provides in pertinent part with respect to actions for breach of warranty, as follows:

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

In *Harig v. Johns-Manville Products Corp.*, 284 Md. 70, 71, 83, 394 A.2d 299, 300, 306 (1978), this Court held that in Maryland a cause of action for injuries caused by the inhalation of asbestos particles accrues at the time at which the asbestos-related disease was or could have been discovered.

cause we here hold that under the principles of full faith and credit the Maryland wrongful death action was barred by the New York judgment, we need not consider the remaining questions.

Both parties rely upon New York law to resolve the question whether the New York judgment bars the Maryland wrongful death action. The administratrix recognizes that the New York judgment was predicated upon the decedent's inability to maintain an action if death had not ensued because such an action would have been barred by limitations. Relying upon *Sharrow v. Inland Lines Ltd.*, 214 N.Y. 101, 108 N.E. 217 (1915) and *Carrick v. Central General Hospital*, 51 N.Y.2d 242, 414 N.E.2d 632, 434 N.Y.S.2d 130 (1980), the administratrix contends that the decedent's inability to maintain an action because barred by limitations can only be characterized as affecting the remedy and not the substantive cause of action for wrongful death. Consequently, the administratrix characterizes the New York judgment "as a dismissal based on [New York's] statutes of limitations . . . a procedural ground." The administratrix acknowledges that under New York law, where a judgment dismissing an action is based upon a statute of limitations, "the judicial decision is on the merits and plaintiff is precluded from thereafter maintaining another action to enforce the claim in *the same State. . . .*" (Emphasis added.) *De Crosta v. A. Reynolds Construction & Supply Corp.*, 41 N.Y.2d 1100, 1101, 364 N.E.2d 1129, 1130, 396 N.Y.S.2d 357, 359 (1977). Accordingly, the administratrix "concedes that principles of res judicata would have barred her from filing another action in a state court of New York."

Nevertheless, the administratrix contends that the New York judgment dismissing the wrongful death action does not bar the Maryland wrongful death action. Relying upon *De Crosta,* the administratrix asserts that under New York law the applicable full faith and credit principles are those articulated in the Restatement (Second) of Judgments § 19 comment f (1982). The general rule there set forth is that a judgment that bars another action on the same claim in one

state will bar another action on the same claim in another state. The Restatement notes, however, that the general rule does not necessarily apply if the action is barred by the statute of limitations of the first state but not of the second. The administratrix points out that, although in the instant case the New York wrongful death action was barred by the New York statutes of limitations applicable to the decedent's right to maintain an action, the Maryland wrongful death action is not barred by the applicable Maryland statute of limitations that requires that a wrongful death action shall be filed within three years after the death of the injured person. The administratrix concludes that under these circumstances the New York judgment dismissing the New York wrongful death action does not bar the Maryland wrongful death action.

Johns-Manville asserts that the New York judgment cannot be characterized as a dismissal based upon the New York statute of limitations, a procedural ground. It agrees with the administratrix that the New York judgment was predicated upon the decedent's inability, if death had not ensued, to maintain an action because barred by limitations. Johns-Manville asserts that under the New York wrongful death statute the decedent's ability to maintain an action if death had not ensued is an essential element of the administratrix's cause of action for wrongful death. Accordingly, it characterizes the New York judgment as a dismissal based upon the administratrix's failure to satisfy a statutory condition precedent to the right to maintain the action, a substantive ground. Johns-Manville therefore concludes that the New York judgment dismissing the New York wrongful death action bars not only a subsequent New York wrongful death action, but also a Maryland wrongful death action.

Article IV, § 1 of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws

prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." 28 U.S.C. § 1738 (1982) provides in pertinent part:

"Such ... judicial proceedings ... so authenticated, shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."

The purpose of the Full Faith and Credit Clause is to require a state court to recognize judgments of courts of other states. *Rentals Unlimited, Inc. v. Administrator, Motor Vehicle Administration,* 286 Md. 104, 111, 405 A.2d 744, 749 (1979); *Ross v. Pick,* 199 Md. 341, 347, 86 A.2d 463, 466 (1952). Under the principles of full faith and credit, a state court is generally required to give judgments rendered in other states the same effect that they have in the rendering state. *Small v. Ciao Stables, Inc.,* 289 Md. 554, 560–61, 425 A.2d 1030, 1033–34 (1981); *Madden v. Cosden,* 271 Md. 118, 124 n. 4, 314 A.2d 128, 132 n. 4 (1974); *Bank of United States v. Merchants Bank of Baltimore,* 7 Gill 415, 436–38 (1848); *Wernwag v. Pawling,* 5 G. & J. 500, 507 (1833); *see* Restatement (Second) of Judgments § 18 comment d (1982). Indeed, as long ago as 1833, in *Wernwag v. Pawling,* 5 G. & J. 500, 507 (1833), this Court said:

"The object of [the Full Faith and Credit Clause] was to give to such judgments, full faith and credit; that is, to attribute to them, positive and absolute verity, so that they cannot be contradicted, or the truth of them be denied, any more than in the State where they originated.

.     .     .     .     .

*If a judgment is conclusive in the State where rendered, it is equally conclusive every where.* If re-examinable there, it is likewise re-examinable here. It is therefore put upon the same footing as a domestic judgment. *[T]he only inquiry, where the suit is upon the judgment of another State, is, what is the effect of the judgment in the State where rendered."* (Citations omitted) (emphasis added).

Thus, whether in this wrongful death action the New York judgment dismissing the New York wrongful death action is accorded conclusive effect and bars the Maryland wrongful death action depends upon an application of New York law.

The New York wrongful death statute, N.Y.Est.Powers & Trusts Law § 5–4.1, provides in pertinent part:

"The personal representative . . . may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death *against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.*" (Emphasis added.)

The Court of Appeals of New York has recognized that generally the statutory requirements of a cause of action for wrongful death are statutory conditions precedent to the maintenance of such an action and, as such, are essential elements of that cause of action. *Carrick,* 51 N.Y.2d at 250, 414 N.E.2d at 636, 434 N.Y.S.2d at 134; *George v. Mt. Sinai Hospital,* 47 N.Y.2d 170, 176–77, 390 N.E.2d 1156, 1159–60, 417 N.Y.S.2d 231, 235 (1979); *Boffe v. Consolidated Telegraph & Electrical Subway Co.,* 171 A.D. 392, 394, 157 N.Y.S. 318, 320 (1st Dept.1916), *affirmed,* 226 N.Y. 645, 123 N.E. 856 (1919); *Kelliher v. New York Cent. & H.R.R. Co.,* 212 N.Y. 207, 211–12, 105 N.E. 824, 825 (1914). Manifestly, such statutory requirements are a part of the substantive cause of action for wrongful death.

Moreover, the Court of Appeals of New York has repeatedly recognized that a decedent's right to maintain an action at the time of death is one of the statutory conditions precedent to a right to maintain a New York wrongful death action and, as such, is one of the essential elements of a wrongful death action. *Prink v. Rockefeller Center, Inc.,* 48 N.Y.2d 309, 315–16, 398 N.E.2d 517, 521, 422 N.Y.S.2d 911, 915 (1979) (not maintainable where decedent's death caused by suicide); *Frick v. Horton,* 21 A.D.2d 212, 213, 250 N.Y. S.2d 83, 84 (3rd Dept.1964), *affirmed,* 15 N.Y.2d 1018, 260 N.Y.S.2d 26, 207 N.E.2d 618 (1965) (not maintainable where decedent's suit against co-employee barred by workmen's

compensation law); *Emery v. Rochester Telephone Corp.,* 271 N.Y. 306, 309, 3 N.E.2d 434, 436 (1936) (not maintainable where no direct interference with decedent's person); *Barnhart v. American Concrete Steel Co.,* 227 N.Y. 531, 535–36, 125 N.E. 675, 677 (1920) (not maintainable when decedent's suit barred by release); *Hodge v. Rurland R. Co.,* 112 A.D. 142, 143–44, 97 N.Y.S. 1107, 1108 (3rd Dept.1906), *affirmed,* 194 N.Y. 570, 88 N.E. 1121 (1909) (not maintainable when decedent's suit barred by release). More particularly, the Court of Appeals of New York has held that this statutory condition precedent is not satisfied when the decedent at the time of death could not have maintained an action because barred by limitations. *Kelliher,* 212 N.Y. at 211, 105 N.E. at 825; *Johnson v. Stromberg-Carlson Telephone Manufacturing Co.,* 250 A.D. 352, 353, 294 N.Y.S. 173, 175 (4th Dept. 1937), *affirmed,* 276 N.Y. 621, 12 N.E.2d 607, *cert. denied,* 305 U.S. 645, 59 S.Ct. 150, 83 L.Ed. 416 (1938); *see Myers v. City of Plattsburg,* 13 A.D.2d 866, 866, 214 N.Y.S.2d 773, 774 (3rd Dept.1961).

Illustrative is the case of *Kelliher v. New York Cent. & H.R.R. Co.,* 212 N.Y. 207, 105 N.E. 824 (1914). There a decedent was injured in 1906 and, as a result of the injuries, died in 1912. The decedent did not bring any action to recover for the injuries. Several months after the decedent's death, the administratrix brought a wrongful death action. The question presented was whether the wrongful death action was barred by the New York three-year statute of limitations applicable to the decedent's right to maintain a tort action. There the Court of Appeals of New York said:

> "It is to be noted, however, that *the right of action* provided for in section 1902 *is qualified by the condition* that the representative action may be brought only where a natural person who, or the corporation which, 'would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.' We think the framers of the section considered that *no action should be*

*maintainable under it unless the decedent, at the time of his death, could have maintained an action.*

    .     .     .     .     .

"In the case at bar the decedent allowed the three years to expire within which he was permitted to commence an action. His subsequent death could not revive the cause of action based upon his injuries in favor of his representative. *By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued.* In construing the meaning of this language in the *Littlewood* [*v. Mayor,* 89 N.Y. 24] Case, Judge Rapallo said:

'It seems to me very evident that the only defense of which the wrongdoer was intended to be deprived was that afforded him by the death of the party injured, and that *it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable.'* 89 N.Y. [24] 28, 42 Am.Rep. 271.

"In a case involving a similar statute the United States Supreme Court said:

'As the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that *the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury.'* *Michigan Cent. R.R. Co. v. Vreeland,* [227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417], supra.

"Again, in *McKay v. Syracuse R.T. Ry. Co.* [208 N.Y. 359, 101 N.E. 885], supra, Judge Miller said:

'Her [the injured person's] cause of action abated upon her death, but the Legislature has substituted a new action and has specified *the condition upon which it may be maintained, i.e., the right of the injured person to maintain an action if death had not ensued.'* 208 N.Y. 363, 101 N.E. 886.

*"The statute and these decisions establish the rule that, where an action could not have been brought by the decedent, it cannot be maintained for the same accident by his representative."* Kelliher, 212 N.Y. at 211–12, 105 N.E. at 825 (emphasis added).

Thus, the Court of Appeals of New York determined that a cause of action for wrongful death could not be maintained when, at the time of death, the decedent's action was barred by limitations.

Additionally, the Court of Appeals of New York has explicitly stated that the failure to satisfy the statutory condition precedent, that at the time of death the decedent could have maintained an action, results in a failure to state a cause of action for wrongful death. Thus, in *Emery v. Rochester Telephone Corp.*, 271 N.Y. 306, 309–10, 3 N.E.2d 434, 435–36 (1936), that Court said:

> "An action by an executor or administrator for negligence or wrongful act or default causing the death of a decedent may be maintained only 'against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.' Decedent Estate Law, § 130. Although the statute 'creates a new cause of action' and the presupposition of liability antecedent to death has no relation to the measure of recovery, still *'the action can be maintained only in the cases in which it could have been brought by the deceased, if he had survived.' It is in this aspect that the present complaint states no cause of action.* Tiffany on Death by Wrongful Act (2d Ed.) §§ 63, 181.

> .   .   .   .   .

> *"Since there would here have been no liability to the decedent had she survived, it follows that the plaintiff has no case under the death statute."* (Emphasis added.)

In sum, under New York law, a decedent's right to maintain an action at the time of death is a statutory condition precedent to, and therefore an essential element

of, a cause of action for wrongful death. That statutory condition precedent is not satisfied when at the time of death the decedent's action is barred by limitations. Indeed, when at the time of death a decedent's action is barred by limitations, an essential element of the substantive cause of action for wrongful death is lacking and consequently there is a failure to state a cause of action for wrongful death.[8]

---

**8.** The administratrix's reliance upon *Sharrow v. Inland Lines Ltd.,* 214 N.Y. 101, 108 N.E. 217 (1915), decided subsequent to *Kelliher,* to support the contention that a decedent's inability to maintain an action because barred by limitations affects the remedy and not the substantive cause of action for wrongful death is misplaced. In *Sharrow,* the Court of Appeals of New York determined that the personal representative's inability to comply with the two-year statute of limitations applicable to New York wrongful death actions affects the remedy and not the substantive cause of action for wrongful death. In reaching this conclusion, however, the Court of Appeals of New York specifically recognized that the New York wrongful death statute created a new cause of action unknown to the common law and that, consequently, New York courts previously had held that

"the time prescribed by the statute within which the action must be commenced is of the essence of the right to maintain the suit and not a mere statute of limitations. . . ." *Sharrow,* 214 N.Y. at 106, 108 N.E. at 218.

That Court noted that the original New York wrongful death statute, enacted in 1847, was amended in 1880 by removing the two-year time limitation from a proviso and placing it in a separate sentence unconnected with the other provisions of the statute. This legislative change, as recognized by the Court of Appeals of Maryland in *State v. Parks,* 148 Md. 477, 482, 129 A. 793, 795 (1925), was the rationale underlying the holding of the Court of Appeals of New York that the two-year time limitation contained in the New York wrongful death statute was "a limitation upon the remedy and not upon the right." *Sharrow,* 214 N.Y. at 110, 108 N.E. at 220.

Since its original enactment in 1847, however, there has been no legislative amendment that has substantively altered the statutory requirement that a wrongful death action may be maintained only against a person who would have been liable to the decedent if death had not ensued. Moreover, subsequent to *Sharrow,* the Court of Appeals of New York has consistently recognized the principle articulated in *Kelliher,* that a decedent's inability at the time of death to maintain an action because barred by limitations affects the substantive cause of action for wrongful death. *Prink,* 48 N.Y.2d at 315, 398 N.E.2d at 521, 422 N.Y.S.2d at 915; *Johnson,* 250 A.D. at 353, 294 N.Y.S. at 175, *affirmed,* 276 N.Y. 621, 12 N.E.2d 607; *Barnhart,* 227 N.Y. at 535–36, 125 N.E. at 677.

This defect is inherently irremediable.[9] Consequently, under such circumstances, there is an irremediable failure to state a cause of action for wrongful death.

▮ Under New York law, a judgment of dismissal based upon an irremediable failure to state a cause of action for wrongful death is conclusive and constitutes a bar to a subsequent New York action on the same claim. *See, e.g., 175 East 74th Corp. v. Hartford Accident & Indemnity Co.,* 51 N.Y.2d 585, 590 n. 1, 416 N.E.2d 584, 586 n. 1, 435 N.Y.S.2d 584, 586 n. 1 (1980); *Scherman v. Board of Education of School District No. 1,* 44 A.D.2d 831, 832, 355 N.Y. S.2d 162, 163 (2nd Dept.1974), *affirmed,* 37 N.Y.2d 839, 378

---

The petitioner's reliance upon *Carrick v. Central General Hospital,* 51 N.Y.2d 242, 414 N.E.2d 632, 434 N.Y.S.2d 130 (1980), also decided subsequent to *Kelliher,* is similarly misplaced. In *Carrick,* the Court of Appeals of New York construed N.Y.Civ.Prac.Law § 205(a) (McKinney 1970), a statutory provision that permitted an extension of an applicable statute of limitations if a plaintiff had commenced a timely action that was terminated in a manner other than by a "final judgment upon the merits." There that Court determined that for purposes of applying § 205(a) the "dismissal of plaintiff's wrongful death cause of action was not a 'final judgment upon the merits' within the meaning of CPLR 205 (subd. [a]), notwithstanding that the dismissal was based upon plaintiff's failure to establish one of the essential elements of her right to bring suit." *Carrick,* 51 N.Y.2d at 252, 414 N.E.2d at 637–38, 434 N.Y.S. at 136.

In *Carrick,* the sole question raised and decided was "whether [the] six-month extension is available to a plaintiff whose wrongful death action has been dismissed solely for want of a duly appointed administrator." *Carrick,* 51 N.Y.2d at 246, 414 N.E.2d at 633, 434 N.Y.S.2d at 131. The sole question raised and decided in *Kelliher,* whether the decedent's inability at the time of death to maintain an action because barred by limitations affects the substantive cause of action or the remedy for wrongful death was neither raised nor decided.

**9.** In *Kelliher,* the Court of Appeals of New York specifically noted that there is an inherently irremediable defect in stating a cause of action for wrongful death when at the time of death the decedent could not have maintained an action because barred by limitations. There that Court said:

"The order of the Appellate Division, after overruling the demurrers, granted to the plaintiff leave to plead over. In the circumstances this is plainly futile, for the bar of the statute prevents further procedure. . . ." *Kelliher,* 212 N.Y. at 213, 105 N.E. at 826.

N.Y.S.2d 33, 340 N.E.2d 468 (1975); *Flynn v. Sinclair Oil Corp.,* 20 A.D.2d 636, 636–37, 246 N.Y.S.2d 360, 361 (1st Dept.), *affirmed,* 14 N.Y.2d 853, 251 N.Y.S.2d 967, 200 N.E.2d 633 (1964); *Linton v. Perry Knitting Co.,* 295 N.Y. 14, 17, 64 N.E.2d 270, 271 (1945); *Joannes Bros. Co. v. Lamborn,* 237 N.Y. 207, 209–10, 142 N.E. 587, 588 (1923). Thus, as long ago as 1923, in *Joannes Bros. Co. v. Lamborn,* 237 N.Y. 207, 209, 142 N.E. 587, 588 (1923), then Judge Cardozo, writing for a majority of the Court of Appeals of New York, said:

> "The demurrer was sustained without leave to plead over, and the complaint dismissed. A judgment so rendered, whether right or wrong, is a bar to another action brought for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other."

This view is in accord with the Restatement (Second) of Judgments § 19 comment d (1982).[10]

■ Here the record shows that the decedent's last exposure to asbestos particles occurred in 1948. Under the applicable four-year New York statute of limitations, the decedent's cause of action was barred in New York in 1952. The decedent died in 1977. Consequently, at the time of the decedent's death, the decedent could not maintain an action in New York.

In 1977, the administratrix filed a wrongful death action in New York. In the complaint, the administratrix failed to

---

**10.** Restatement (Second) of Judgments § 19 (1982) provides:
> "A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim."

Comment d to this section provides:
> "The rule stated in this Section is applicable to a judgment for the defendant on demurrer or motion to dismiss for failure to state a claim. Such a result is warranted by the ease with which pleadings may be amended, normally at least once as a matter of course, and by the unfairness of requiring the defendant to submit to a second action (often initiated long after the first has come to an end) when no such amendment is sought, or when no appeal has been taken from an erroneous denial of leave to amend."

allege the date at which the decedent was last exposed to asbestos particles and failed to allege that at the time of death the decedent could have maintained an action. Thus, the administratrix failed to satisfy a statutory condition precedent to the right to maintain the action, an essential element of a wrongful death action. Johns-Manville filed a motion for summary judgment dismissing the complaint on the ground that at the time death the decedent could not maintain an action because barred by limitations. A summary judgment dismissing the New York wrongful death action was entered.

Under these circumstances, the New York judgment dismissing the administratrix's New York wrongful death action was based upon an irremediable failure to state a cause of action for wrongful death and not upon a statute of limitations.[11] Consequently, under New York law, the New York judgment would be conclusive and would constitute a bar to a subsequent New York action on the same claim.

There is no merit to the administratrix's contention, premised upon the Restatement (Second) of Judgments § 19 comment f, that the New York judgment of dismissal, although a bar to another wrongful death action in New York, is not a bar to a wrongful death action in Maryland. Rather, having determined that in this case the New York judgment of dismissal affected the cause of action, the applicable full faith and credit principle is the general rule that a judgment that bars an action in the rendering state will bar an action on the same claim in another state. *Small,* 289 Md. at 560–61, 425 A.2d at 1033–34; *Madden,* 271 Md. at 124 n. 4, 314 A.2d at 132 n. 4; *Bank of United States,* 7 Gill at 436–38; *Wernwag,* 5 G. & J. at 507; *see* Restatement (Second) of Judgments § 18 comment d (1982). This

---

11. N.Y.Civ.Prac.Law § 3211(a)7 provides in pertinent part:
   "(a) ... A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

   7. the pleading fails to state a cause of action. ..."

conclusion is in accord with the Restatement (Second) of Judgments § 19 comment f.[12] Accordingly, the New York

---

**12.** Restatement (Second) of Judgments § 19 comment f states in pertinent part:

"Generally, a judgment that operates to bar another action on the same claim in one state will, under the Full Faith and Credit Clause of the United States Constitution, bar an action on the same claim in another state. See Restatement, Second, Conflict of Laws § 95, Comment c. *This may not necessarily be the case, however, if the action is barred by the statute of limitations of the first state but not of the second. . . ."* (Emphasis added.)

Restatement (Second) of Conflict of Laws § 95 comment c (1971), referred to in Restatement (Second) of Judgments § 19 comment f, states in pertinent part:

"The local law of the State where the judgment was rendered determines the effect of the judgment upon the original claim or cause of action. So this law will be consulted to determine *whether the judgment affects the cause of action or only some incidental issue. If under this law the judgment* was not on the merits and *settled only some incidental issue, such as that plaintiff's suit was barred by a local statute of limitations . . . the judgment will be held conclusive in other States only as to the issue decided and the plaintiff will remain free to maintain an action on the original cause of action. . . .*

. . . . .

If the judgment is for the defendant on the merits and if under the local law of the State where the judgment was rendered the effect of a valid and final judgment in favor of the defendant on the merits is to bar the cause of action, the plaintiff may no longer maintain an action on the original cause of action in any State." (Emphasis added.)

When read in context, Restatement (Second) of Conflict of Laws § 95 comment c indicates that a judgment that affects the cause of action is "on the merits" and bars a subsequent action in another state, whereas a judgment based upon an incidental issue, such as a local statute of limitations, is not "on the merits" and will not bar a subsequent action in another state.

We note that with respect to the phrase "on the merits," the Restatement (Second) of Judgments § 19 comment a states in pertinent part:

"It is frequently said that a valid and final personal judgment for the defendant will bar another action on the same claim only if the judgment is rendered 'on the merits.' The prototype case continues to be one in which the merits of the claim are in fact adjudicated against the plaintiff after trial of the substantive issues. Increasingly, however, by statute, rule, or court decision, judgments not passing directly on the substance of the claim have come to operate as a bar. *Although such judgments are often described as 'on the merits' or as 'operating as an adjudication on the merits,'*

judgment dismissing the New York wrongful death action on the ground that at the time of death the decedent could not have maintained an action because barred by limitations is not only a bar to another wrongful death action in New York, but is also a bar to the administratrix's wrongful death action in Maryland.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY PETITIONER.

---

*that terminology is not used here in the statement of the general rule because of its possibly misleading connotations."* (Emphasis added.)

Illustrative of such misleading connotations is *De Crosta,* 41 N.Y.2d at 1101, 364 N.E.2d at 1130, 396 N.Y.S.2d at 359, in which the Court of Appeals of New York held that where a judgment dismissing an action is based upon a statute of limitations, "the judicial decision is on the merits...."