██ JEANETT M. MYERS, as Administratrix of the Estate of GEORGE R. MYERS, Deceased, Appellant, v. CITY OF PLATTSBURGH et al., Respondents.— Appeal from a judgment of the Supreme Court entered in Clinton County, which, upon motion, dismissed the complaint on the ground that the Statute of Limitations is a bar to the action, which was brought to recover damages for negligence occurring during the period November 15, 1938 to August 31, 1940, whereby plaintiff's intestate contracted histoplasmosis through exposure to large amounts of pigeon excretion present in a structure in which he worked, the disease causing pain and suffering in his lifetime and his death on August 18, 1956. Inasmuch as plaintiff, in his lifetime, failed to commence an action to recover damages for his personal injury resulting from negligence, within three years after his cause of action accrued (Civ. Prac. Act, § 49, subd. 6), the causes of action sought to be prosecuted by his administratrix are barred, since a cause of action for personal injuries, once foreclosed by the statute, is not, upon death, revived in favor of the estate and the cause of action for wrongful death given by section 130 of the Decedent Estate Law is barred if the personal injury cause of action was outlawed in decedent's lifetime. (*Kelliher* v. *New York Cent. & Hudson Riv. R. R. Co.*, 212 N. Y. 207; *Johnson* v. *Stromberg-Carlson Tel. Mfg. Co.*, 250 App. Div. 352, affd. 276 N. Y. 621, cert. denied 305 U. S. 645.) Appellant does not dispute the applicability of the cases cited but considers that *Kelliher* (which *Johnson* followed) was not correctly decided and that New York should follow the contrary rule which has been adopted in certain other jurisdictions. Appellant's attorneys candidly recognize that if there is to be a new interpretation of section 130, it must be by the Court of Appeals. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.