In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-3753

RONALD WARRUM, in his capacity as
Personal Representative of the Estate of
JOSEPH F. SAYYAH, Deceased,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 02 C 92—**Richard L. Young**, *Judge.*

ARGUED APRIL 11, 2005—DECIDED OCTOBER 25, 2005

Before POSNER, RIPPLE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Ronald Warrum appeals the
district court's dismissal of this wrongful death action
brought under the Federal Tort Claims Act ("FTCA"), 28
U.S.C. § 2671 et seq. Warrum, as personal representative of
the estate of Joseph Sayyah, alleges that in 1998 Dr. Asif
Ali, a physician at the Department of Veterans Affairs
("VA") clinic in Evansville, Indiana, failed to properly

diagnose Sayyah's esophageal cancer and that the misdiagnosis caused Sayyah's death in 2002.

The district court dismissed the action for failure to comply with the administrative exhaustion requirement of 28 U.S.C. § 2675(a), which prohibits the initiation of an action against the United States under the FTCA unless an administrative claim is first presented to the appropriate federal agency. Although Sayyah submitted a medical malpractice administrative claim to the VA after his cancer was diagnosed, a claim for wrongful death was never presented to the agency after Sayyah died. The district court concluded that because a wrongful death claim does not accrue for purposes of the FTCA until the date of death, the prior administrative claim for medical malpractice did not satisfy the exhaustion requirement of § 2675(a) for the wrongful death claim. We affirm.

## I. Background

The complaint alleges that in September 1998 Sayyah was treated at the Evansville VA clinic by Dr. Ali, who failed to properly diagnose his medical condition. Sayyah was correctly diagnosed in March 1999 as suffering from Stage III cancer of the esophagus. On December 19, 2000, Sayyah filed an administrative tort claim notice with the VA, alleging that the doctors and staff at the Evansville VA clinic failed to timely diagnose his cancer, resulting in a decreased chance of favorable treatment. This claim was denied on November 27, 2001. Sayyah died on February 4, 2002. On May 22, 2002, Warrum, as personal representative of Sayyah's estate, brought this wrongful death action against the United States under the FTCA, alleging that the misdiagnosis by Dr. Ali and his staff at the Evansville VA clinic resulted in Sayyah's death.

The government moved to dismiss based upon failure to comply with the administrative exhaustion requirements of

§ 2675(a)—specifically, the failure to file an administrative claim following Sayyah's death and prior to initiating this FTCA suit for wrongful death. The district court granted the motion, concluding that Sayyah's administrative notice of claim for medical malpractice did not satisfy the administrative claim requirement for the wrongful death action. Relying on our decision in *Fisk v. United States,* 657 F.2d 167, 170 (7th Cir. 1981), the court held that because a cause of action for wrongful death under the FTCA does not accrue until the date of death, the earlier medical malpractice administrative claim did not suffice as an administrative claim for the wrongful death. Warrum appeals.

## II. Discussion

The FTCA is a limited waiver of the sovereign immunity of the United States and imposes liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979); *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir. 1984). Accordingly, we look to state law—here, Indiana—to determine the substantive nature of the plaintiff's cause of action. *White v. United States,* 148 F.3d 787, 793 (7th Cir. 1998); *Fisk,* 657 F.2d at 170. However, the FTCA imposes its own procedural rules—including the administrative exhaustion provision at issue here.

The FTCA's administrative exhaustion requirement provides that no action may be brought against the United States unless the claimant first presents the claim to the appropriate federal agency:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee

> of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation. *McNeil v. United States,* 508 U.S. 106, 112, n.7 (1993); *see also Kanar v. United States,* 118 F.3d 527, 531 (7th Cir. 1997). "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil,* 508 U.S. at 112.

Although Sayyah filed a medical malpractice administrative claim notice with the VA after his cancer was diagnosed, an administrative claim for wrongful death was never presented to the agency. Warrum argues that the malpractice administrative claim should suffice for the FTCA's exhaustion requirement for the wrongful death action because it is well known that death often results from cancer. The VA, he argues, had notice in 2000 of the claim related to Sayyah's cancer misdiagnosis and should have known that his death—and a wrongful death suit—might ensue. The government argues that under Indiana law a claim for wrongful death is separate and distinct from a personal injury claim for medical malpractice, and the federal rule is that a wrongful death claim under the FTCA does not accrue until the date of death. Thus, says the government, in a wrongful death case, § 2675(a) requires the presentation of an administrative claim *for the death* before a wrongful death suit under the FTCA may be initiated.

A straightforward reading of the statute supports the government's position: "[a]n action *shall not be instituted* upon a claim against the United States for money damages for . . . personal injury *or death* . . . unless the claimant *shall have first presented the claim* to the appropriate Federal agency. . . . " 28 U.S.C. § 2675(a) (emphasis added). This is an action on a claim against the United States for money damages for *a death*, but it was not preceded by an administrative claim for *a death*.

Our case law on the FTCA's statute of limitations also supports the government's position. We addressed the question of wrongful death claim accrual under the FTCA in *Fisk*. There, the plaintiff was subjected to negligent medical treatment in 1950, but his death did not occur until complications from the malpractice surfaced nearly thirty years later. *Id.* at 169. The government argued (in contrast to the present case) that Fisk's wrongful death claim was time-barred by the FTCA's two-year statute of limitations because the wrongful death claim had accrued at the same time as Fisk's medical malpractice claim—in 1950. We disagreed.

We began our analysis in *Fisk* by referring to the general rule of wrongful death claim accrual under the FTCA: "in an 'ordinary' wrongful death action under the FTCA[,] the federal rule is that the cause of action accrues upon the date of death." *Id.* at 170. We then noted that in Indiana, a claim for wrongful death is independent and not derivative of the underlying claim for personal injury, and the occurrence of a death was an essential element of a wrongful death cause of action. *Id.* at 170-71. "[U]ntil the death of the plaintiff's decedent there can be no claim for wrongful death, because until that event occurs, the damages the statute is intended to remedy have not been inflicted on the plaintiff." *Id.* at 171 (citing *Louisville, Evansville, & St. Louis R.R. v. Clarke,* 152 U.S. 230, 238 (1894)).

We noted in *Fisk* that "[t]he purpose of the [Indiana Wrongful Death] statute is not to compensate for the injury to the decedent, but rather to create a cause of action to provide a means by which the decedent's survivors may be compensated for the loss they have sustained by reason of the death." *Id.* at 170; *see also Reeder v. Harper,* 788 N.E.2d 1236, 1242 (Ind. 2003). Thus, because Indiana treats a wrongful death claim as substantively distinct from the underlying personal injury claim, we held that a wrongful death claim stemming from medical malpractice does not accrue for purposes of the FTCA's statute of limitations until the date of death. *Fisk,* 657 F.2d at 170-72. "[T]he wrongful acts of 1950 gave rise to two separate claims: a personal injury claim of the decedent, to which the Government was exposed for two years after it accrued, . . . and a wrongful death claim of the decedent's survivors, to which the Government was exposed for two years after it accrued." *Id.* at 172. *See also Johnston v. United States,* 85 F.3d 217, 222 (5th Cir. 1996); *but cf. Chomic v. United States,* 377 F.3d 607 (6th Cir. 2004) (holding that in states with derivative rather than independent wrongful death causes of action, claim accrues when person knows of injury and cause).

Applying the reasoning of *Fisk* to the present case, we agree with the district court that the wrongful death claim at issue here did not accrue and could not have been presented to the VA until the date of Sayyah's death. As such, the earlier medical malpractice administrative claim did not suffice as a death "claim" under § 2675(a). Warrum never presented an administrative claim to the VA for damages for Sayyah's death. Accordingly, this action was properly dismissed for failure to comply with the FTCA's administrative exhaustion requirement.

This result comports with the exhaustion requirement's purpose of allowing the relevant government agency the opportunity to investigate and settle meritorious claims

lodged against it. *See Romulus v. United States,* 160 F.3d 131, 132 (2d Cir. 1998) (per curiam) ("A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims."); *see also Kanar,* 118 F.3d at 531; *Charlton,* 743 F.2d at 559-60. As we have discussed, under Indiana law, a wrongful death claim "is designed to compensate for the loss to the survivors caused by the decedent's death, and not the underlying injury." *Holmes v. ACandS, Inc.,* 709 N.E.2d 36, 39 (Ind. Ct. App. 1999). Such a claim necessarily involves causation and damages questions distinct from those at issue in a malpractice claim that does not involve a death. In order to meaningfully evaluate the extent of its liability in a death case, the federal agency must have notice of the death, not merely an assertion of medical malpractice. Indeed, in the case of a claim based on death, the applicable regulations allow the government to request the names of the decedent's survivors as well as the "[d]egree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death." 28 C.F.R. § 14.4(a)(3)-(4). This information bears directly on the damages potentially arising out of a wrongful death cause of action under Indiana law.

Warrum seeks to get around *Fisk* by invoking a change in Indiana law since *Fisk* was decided. In particular, he notes that Indiana law now requires wrongful death actions based on medical malpractice to be brought under Indiana's medical malpractice statutory scheme, which includes a statute of limitations that requires claims to be brought within two years of the act of medical negligence. *See Hopster v. Burgeson*, 750 N.E.2d 841, 852-53 (Ind. Ct. App. 2001); *Frady v. Hedgcock*, 497 N.E.2d 620, 622 (Ind. Ct. App. 1986). Warrum argues this development means that in the medical malpractice context, Indiana law no longer recognizes wrongful death actions as independent claims. We disagree. The change in the applicable statute of

limitations for wrongful death claims based upon medical malpractice did not alter the substantive nature of a wrongful death claim under Indiana law.[1] What was true at the time of *Fisk* is still true today: Indiana law regards a wrongful death claim as independent of a personal injury claim that might have been possessed by the decedent before death. *See Chamberlain v. Walpole,* 822 N.E.2d 959, 963 (Ind. 2005) (holding that the Indiana Medical Malpractice Act did not create new claims for relief, but "merely requires that claims for medical malpractice that are otherwise recognized under tort law and applicable statutes be pursued through the procedures" of the Act).

In any event, as we specifically noted in *Fisk,* the issue "is not one of choice between conflicting [state] statutes of limitations or accrual dates, but rather one of ascertaining the intent of Congress in enacting the FTCA and its limitations period." *Fisk,* 657 F.2d at 171. Although this case concerns the FTCA's exhaustion requirement and not its limitations period, the point is the same: the change in Indiana's statute of limitations for medical malpractice death claims does not affect the administrative exhaustion requirement of § 2675(a). Because under *Fisk* the wrongful death claim did not accrue until Sayyah's death in 2002, the presentation of Sayyah's malpractice administrative claim notice in 2000 did not satisfy the exhaustion requirement of § 2675(a) for purposes of this FTCA wrongful death action.

A final point: Warrum argues that the complaint can be read not just as a wrongful death action but also as a

---

[1] We note that there is some question as to whether Indiana's medical malpractice statute of limitations scheme violates the state constitution. *See Morrison v. Sadler*, 821 N.E.2d 15, 22 n.7 (Ind. App. 2005); *Ellenwine v. Fairly*, 818 N.E.2d 961, 969-70 (Ind. App. 2004). *See generally Martin v. Ritchey*, 711 N.E.2d 1273 (Ind. 1999).

survival claim based on Indiana's "increased risk of harm" or "loss of chance" doctrine. This theory allows recovery against a defendant "whose negligence significantly increases the probability of the ultimate harm, even if the likelihood of incurring that injury was greater than fifty percent in the absence of the defendant's negligence." *Cahoon v. Cummings,* 734 N.E.2d 535, 539 (Ind. 2000). But the Indiana Supreme Court held in *Cahoon* that "a plaintiff cannot recover on both a wrongful death claim and a claim of an increased risk of harm caused by the same wrong." *Id.* at 544. Warrum concedes this, but argues that a survivor can bring an increased risk of harm claim if the death resulted from another cause. For instance, if the death resulted from a separate, unrelated cause—suppose the decedent were struck by a car—a plaintiff could pursue both causes of action because in that instance the wrongful death claim would not subsume the negligence claim for increased risk of harm. But "[i]f the alleged result of the defendant's acts that increase the risk of harm is death itself," then a separate claim based on increased risk of harm is unavailable. *Id.* Here, the complaint plainly alleges that the cancer misdiagnosis caused Sayyah's death; it cannot be construed to allege a cause of action based upon the increased risk of harm doctrine.

The judgment of the district court is AFFIRMED.

A true Copy:

       Teste:

 

———————————————————
*Clerk of the United States Court of Appeals for the Seventh Circuit*