**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SHERRI L. DEEM, individually and as Personal Representative for the estate of Thomas A. Deem, deceased,

*Plaintiff-Appellant*,

v.

THE WILLIAM POWELL COMPANY; JOHN CRANE, INC.; CROSBY VALVE, LLC; INGERSOLL-RAND COMPANY,

*Defendants-Appellees.*

No. 20-35165

D.C. No. 3:17-cv-05965-BHS

OPINION

Appeal from the United States District Court for the Western District of Washington Benjamin H. Settle, District Judge, Presiding

Argued and Submitted September 2, 2021 Seattle, Washington

Filed April 29, 2022

Before: M. Margaret McKeown and Ronald M. Gould, Circuit Judges, and Jed S. Rakoff,[*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

# SUMMARY[**]

### Admiralty

Reversing the district court's dismissal of a wrongful death claim under admiralty jurisdiction, the panel held that a wrongful death claim in admiralty can only accrue on or after the death of the seaman, and not before.

Thomas Deem's work as an outside machinist onboard ships at Puget Sound Naval Shipyard included removing and installing piping insulation, gaskets, and other parts that may have contained asbestos in various compartments throughout the ships. He was diagnosed with mesothelioma on February 20, 2015, and he died on July 3, 2015. His wife, Sherri Deem, filed suit in federal court on June 28, 2018, seeking damages under a wrongful death theory from entities who manufactured, sold, and distributed asbestos-containing products to which Thomas Deem could have been exposed.

Applying federal law, and distinguishing wrongful death claims from survival statutes permitting personal injury claims of an injured individual after death, the panel held that a wrongful death claim cannot arise or accrue before death even if the cause of death is anticipated. Thus, the accrual of the three-year statute of limitations for maritime torts, 46 U.S.C. § 30106, began to run on the date of death of Thomas Deem, and not on the date of discovery of the injury or illness that ultimately resulted in his death.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel remanded to the district court for reconsideration of Sherri Deem's claims in light of the panel's holding that the statute of limitations began to accrue on the date of Thomas Deem's alleged wrongful death, and not before that death.

## COUNSEL

Lisa W. Shirley (argued) and Ka'Leya Q. Hardin, Dean Omar Branham Shirley LLP, Dallas, Texas; Thomas J. Breen, Lucas Garrett, and Elizabeth McLafferty, Schroeter Goldmark & Bender, Seattle, Washington; for Plaintiff-Appellant.

Brian J. Schneider (argued), Hawkins Parnell & Young LLP, Chicago, Illinois; Ronald C. Gardner, Gardner Tabolsi & Mordehkov PLLC, Seattle, Washington; James D. Hicks, Foley & Mansfield PLLP, Seattle, Washington; for Defendants-Appellees.

**OPINION**

GOULD, Circuit Judge:

We must decide whether a wrongful death claim under admiralty jurisdiction first accrues on or after the date of the death of a seaman, or whether it accrues when the seaman first learned of his illness or injury. For the reasons that follow, we hold that a wrongful death claim in admiralty can only accrue on or after death of the seaman, and not before then.[1]

From February 7, 1974, until February 22, 1981, Thomas Deem worked as an outside marine machinist at Puget Sound Naval Shipyard ("PSNS"). As a machinist, Thomas Deem was one of those responsible for "overhauling" the components of docked naval vessels. The "overhauling" process is a term used to describe the refurbishing and repair of vessels and their components. The overhauling process was split between inside and outside machinists. Inside machinists removed parts from the vessels and took them off the ships to be repaired in workshops. Outside machinists, like Thomas Deem, worked onboard the vessels repairing major machinery that could not readily be removed from the ships. Thomas Deem's work included removing and

---

[1] On July 23, 2020 this court by its order (Docket #21) stayed appellate proceedings as to defendant-appellee Ingersoll-Rand Company only, due to the automatic stay imposed by 11 U.S.C. § 362. See *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997). That order also provided: "This appeal will proceed as to the remaining parties." On January 27, 2021 this court by its order (Docket #37) administratively closed this appeal as to Ingersoll-Rand Company. The court's order also provided: "This appeal will proceed as to the remaining parties." This opinion resolves the issues it addresses with regard to the non-stayed parties only.

installing piping insulation, gaskets and other parts that may have contained asbestos in various compartments throughout the ships.

On February 20, 2015, Thomas Deem was diagnosed with mesothelioma. Thomas Deem died on July 3, 2015. His wife, Sherri Deem, filed the underlying suit in the United States District Court for the Western District of Washington on June 28, 2018, within three years of the date her husband died. She sought damages under a wrongful death theory from entities who manufactured, sold, and distributed asbestos-containing products to which Thomas Deem could have been exposed, naming Appellees as defendants. Appellees moved to dismiss Sherri Deem's complaint, arguing that the statute of limitations for her wrongful death claim rendered her claim time-barred under Maritime law.

The district court, in a single order addressing the defendants' motion to dismiss and on Sherri Deem's motion for summary judgment, employing a three-part analysis, agreed with the defendants-appellees. First, the district court concluded that the statute of limitations began to run for Sherri Deem's claims when Thomas Deem learned of his mesothelioma diagnosis in February of 2015. Second, the district court found that Sherri Deem's claim was governed by Maritime law's three-year statute of limitations codified at 46 U.S.C. § 30106. Third, the district court concluded that, because Sherri Deem filed the complaint on June 28, 2018, three years and four months after Thomas Deem's diagnosis, her claim was untimely under Maritime law. Sherri Deem appeals.

We review *de novo* a district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).

We review a grant of summary judgment *de novo*. *Peters v. Burlington Northern R. Co.*, 931 F.2d 534, 537 (9th Cir. 1990). We also review *de novo* the questions of when a cause of action accrues and whether or not a claim is barred by the statute of limitations. *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1127 (9th Cir. 2006).

Appellees argue that a wrongful death action under Maritime law begins to accrue under the "discovery rule." Appellees contend that the statute of limitations on a wrongful death action under Maritime law begins to run on the date the victim learns of their injury or diagnosis. *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991) (A cause of action accrues when plaintiff "ha[s] a reasonable opportunity to discover his injury, its cause, and the link between the two.").

Conversely, Appellant, Sherri Deem, argues that the district court erred by treating her claims as time barred because her wrongful death action began to accrue on the date of her husband's death, not on the date he discovered his injury.

The issue before us is whether the accrual of the statute of limitations for a wrongful death action under Maritime law began to run on or after the date of death of Thomas Deem or on the date of discovery of the injury or illness of the deceased that ultimately resulted in his death.

The rule in the Ninth Circuit is clear that "the date on which a claim accrues is determined by federal law." *See Washington v. United States*, 769 F.2d 1436, 1438 (9th Cir. 1985); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (§ 1983 action). While federal law controls the time of accrual of claims, *id.*, the law has not been crystal clear as to when a claim for wrongful death accrues. In this opinion for

the reasons that follow, we clarify that a wrongful death claim cannot arise or accrue before death even if the cause of death is anticipated.

We review the pertinent precedents of the United States Supreme Court and the United States Courts of Appeals for the circuits that have addressed claim accrual in wrongful death cases. We start with the important premise that the Supreme Court has recognized the difference between survival statutes permitting personal injury claims of an injured individual after death, and wrongful death claims by relatives or family of a decedent after a death:

> Wrongful-death statutes are to be distinguished from survival statutes. The latter have been separately enacted to abrogate the common-law rule that an action for tort abated at the death of either the injured person or the tortfeasor. Survival statutes permit the deceased's estate to prosecute any claims for personal injury the deceased would have had, but for his death. They do not permit recovery for harms suffered by the deceased's family as a result of his death.

*Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 575 n. 2 (1974).

A personal injury action in federal law will have a statute of limitations that accrues on discovery of the illness or accident causing the damages. *See United States v. Kubrick,* 444 U.S. 111, 120 n.7 (1979). But by contrast, a wrongful death action cannot logically accrue until after the death of the injured seaman. Stated another way, the plaintiff in a personal injury action or a survival action for the seaman's

estate after his death assumes the legal posture of the seaman.  But by contrast, the plaintiff in a wrongful death action is necessarily a family member or relative of the deceased.  This distinction was explained by an Indiana Appellate Court in a case dealing with an Indiana statute governing wrongful death: "[T]he wrongful death claim is designed to compensate for the loss to the survivors caused by the decedent's death, and not the underlying injury." *Holmes v. ACandS, Inc.*, 709 N.E.2d 36, 39 (Ind. Ct. App. 1999).  "Such a claim necessarily involves causation and damages questions distinct from those at issue in a malpractice claim that does not involve a death.  In order to meaningfully evaluate the extent of its liability in a death case, the federal agency must have notice of the death, not merely an assertion of medical malpractice."  *See Warrum v. United States*, 427 F.3d 1048, 1051–1052 (7th Cir. 2005).

The Supreme Court in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 406 (1970), established broadly that wrongful death claims could be asserted under maritime admiralty law, and recognized the difference between a wrongful death suit and a survival action.

But the Supreme Court expressly did not decide when a maritime claim for wrongful death accrues.  In *Moragne*, the Court said it need not decide when the claim accrued because that suit was brought a short time after accident. *See id*.

Although the Supreme Court in *Moragne* did not settle the issue of when a claim accrues for wrongful death, the Supreme Court in other cases has indicated that a "discovery rule" applies.  We next discuss the Supreme Court's reasoning and decisions in *Urie v. Thompson*, 337 U.S. 163 (1949) and *United States v. Kubrick*, 444 U.S. 111 (1979).

In *Urie*, the Supreme Court considered limitations under the Federal Employees Liability Act ("FELA"). A railroad worker had sued his employer eighteen months after incapacitation from silicosis. He had been subjected to silica dust for some thirty years before bringing his lawsuit. The railroad defended arguing that the illness had to have been contracted more than three years before suit was filed. But the Supreme Court rejected that approach to claim accrual, and instead held that the claim accrued on the date the worker first knew or should have known of his injury and its cause. *Id*. at 170.

In *United States v. Kubrick*, 444 U.S. 111 (1979), the Supreme Court considered the Federal Tort Claims Act (FTCA), and limitations under that law which had a two-year statute of limitations, barring any claim not brought within two years after it accrued. Although the Supreme Court rejected a contention that the claimant had to know that a tortfeasor was negligent before the claim accrued, the Court applied a discovery rule in *Kubrick* just as it had in *Urie*, clarifying there was need for discovery of the injury and its cause, but not discovery that a tortfeasor was negligent and that a good claim existed.

Relying on these two cases, *Urie* and *Kubrick*, the Eleventh Circuit in *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1434 (1997), noted that "twice the Supreme Court has been presented with federal statute of limitations language materially identical to that in the general maritime statute of limitations, and twice the Supreme Court has held that courts should use the discovery rule to determine when a cause of action accrues."

The central question before us today is the one left open by *Moragne*: When does a wrongful death claim accrue in a maritime case? The issue for us is whether the date of claim

accrual on Sherri Deem's wrongful death claim occurred on the date that her deceased husband learned of his mesothelioma diagnosis, or accrued on the date of his death or thereafter. The resolution of that issue will determine whether Sherri Deem's wrongful death claim is time-barred by the three-year statute of limitations, or whether her claim is still alive and should be considered by the district court.

As a general rule, claims accrue when all elements of the claim, including damages, have occurred. "A cause of action accrues when the right to bring a claim in court arises, that is when a wrong has been discovered, or a person's rights have been violated." 5 Cyc. of Federal Proc. § 15:465 (3d ed.); *see also In re Swine Flu Prod. Liab. Litig.*, 764 F.2d 637, 639 (9th Cir. 1985); *Johnston v. United States*, 85 F.3d 217, 221 (5th Cir. 1996).

Based on the Supreme Court's reasoning in *Urie* and *Kubrick* applying a "discovery rule," we have no doubt that a discovery rule should be applicable here in assessing when plaintiff Sherri Deem was aware of the injury for which she made a wrongful death claim, and its causes. The problem we are faced with here is determining the injury that Sherri Deem needed to discover for her claim to accrue.

When an injured seaman makes an individual claim for damages caused by a wrongful act, whether that claim is presented as an individual claim by the seaman while alive or is presented as a survival claim after death for the benefit of the seaman's family, the relevant damages are those of the seaman, and if other elements are present, it makes good sense to say that the seaman's claim accrues when the seaman discovers or should have discovered the injury.

In sharp contrast, however, when a seaman dies and a wrongful death claim is made for the benefit of the seaman's

family, the plaintiff is different, and the relevant injury is not to the seaman but to the seaman's family members who are deprived of the benefit of the seaman's presence because of the death.  Those damages to the family members can only occur on or after the death of the seaman.  Where the cause of the seaman's death is known, the wrongful death claim should normally accrue at the time of the death or shortly thereafter.  But, when the cause of death is not known at the time of death, the wrongful death claim should accrue when that cause of death is known or reasonably should have been discovered.  The district court in its order of January 9, 2020, held that:

> Deem had three years from the date she was aware of the injury to her husband, Thomas Deem, to file suit.  She failed to do so.  Therefore, her claims . . . are time-barred.

The District Court here was applying a discovery rule but erred as a matter of law by concluding that she had to discover only the illness of mesothelioma that had afflicted her deceased husband.  To the contrary, in this wrongful death suit, the injury to Sherri Deem was the loss of her husband's presence as a result of death, and that injury could not have been discovered before he had passed away.

This commonsense conclusion necessarily follows from the holding of the Supreme Court in *Moragne* explaining that there are distinct claims for personal injury, on the one hand, and for wrongful death, on the other.  In the latter case, the harm suffered is to the relatives of the decedent, not to the decedent himself.  One cannot discover the harms from a wrongful death until the death itself has occurred.

That conclusion is reinforced by the broad discretion given to the federal courts in maritime and admiralty cases,

to act as common law courts.  As the Supreme Court has stated: "By granting federal courts jurisdiction over maritime and admiralty cases, the Constitution implicitly directs federal courts sitting in admiralty to proceed 'in the manner of a common law court.'"  *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2278 (2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 489–490 (2008)). Historically, this meant that "where Congress ha[d] not prescribed specific rules, federal courts [had to] develop the amalgam of traditional common-law rules, modifications of those rules, and newly created rules that form[] the general maritime law."  *The Dutra Group*, 139 S. Ct. at 2278 (internal quotation omitted).  We have started above by recognizing the controlling Supreme Court decision in *Moragne*, giving a right in admiralty to make a wrongful death claim and explaining that wrongful death claims differ from personal injury claims because different people are damaged.  The seaman's damage supports a personal injury claim, but it is the family's damage upon death that supports a wrongful death claim.

Our conclusion is also reinforced by pertinent precedent in other circuits examining claim accrual on wrongful death claims arising in varied contexts:

- In *Miller v. Philadelphia Geriatric Ctr.*, 463 F.3d 266, 272 (3d Cir. 2006), the Third Circuit considered the accrual of a wrongful death claim under the Federal Torts Claims Act (FTCA).  When the Third Circuit issued its ruling, it "join[ed] those circuits that have concluded, albeit under a wide variety of factual scenarios, that wrongful death claims, for FTCA purposes, cannot accrue prior to death." *Id.*  In *Miller*, the Third Circuit held that since the decedent died within two years of the date of the wrongful

death action, the claims were timely. *Id.* The Court's analysis was not focused on the date of the underlying injury that had caused the death for the purposes of the accrual of the wrongful death claim. Importantly, the *Miller* court noted that while state law did govern the wrongful death claim, the accrual was a question of federal law. *Id.*; *see also Miller v. United States,* 932 F.2d 301, 303 (4th Cir. 1991) ("State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued.").

• In *Chomic v. United States,* 377 F.3d 607, 616 (6th Cir. 2004), the Sixth Circuit held that "where state law provides a derivative, rather than an independent, cause of action for wrongful death, and where the underlying cause of action sounds in negligence or medical malpractice, a claim for wrongful death under the FTCA accrues on the date when both an injury and its cause are known."

• In *Fisk v. United States,* 657 F.2d 167, 171 (7th Cir. 1981), the Seventh Circuit held that since the accrual date for wrongful death claims brought under the FTCA is determined by federal law, "when a state statute creates an independent cause of action for wrongful death, it cannot accrue for FTCA purposes until the date of the death which gives rise to the action." The court in *Fisk* held "that the [] action [wa]s not barred by the failure to have brought a claim within two years of accrual of the decedent's personal injury claim, but rather that the federal rule in wrongful death actions brought under the Federal

Tort Claims Act is that the cause of action cannot accrue until the wrongful death occurs." *Id*. at 173.

- In *Spiller*, the Eighth Circuit, analyzing the DOHSA and the statutes of Arkansas, was tasked with: (1) determining whether a decedent's beneficiaries possessed a right of action in an admiralty suit for wrongful death; and (2) determining whether the right of action for pain and suffering survive the decedent. *Spiller v. Thomas M. Lowe, Jr., & Assocs., Inc.*, 466 F.2d 903, 904 (8th Cir. 1972). The Eighth Circuit held "that the federal maritime law allows recovery for wrongful death to those parents and children . . . who are found to have sustained a pecuniary loss." *Id*. at 910. In reaching its holding, the Eighth Circuit explicitly stated "that *Moragne* provides the foundation for recognizing the federal right that an action for pain and suffering survives the death of the injured party." *Id*. at 911.

- The Ninth Circuit has also considered wrongful death claim accrual after *Moragne*. In *In re Swine Flu* it held that there is general agreement that a medical malpractice claim does not accrue under the FTCA until the plaintiff discovers, or reasonably should have discovered, his injury and its causes, citing cases, but that the Circuits are, however, split on whether the medical malpractice discovery rule should be extended to wrongful death claims under the FTCA. The circuits were split as to whether in a wrongful death claim under the FTCA, there was claim accrual upon death or claim accrual only after discovery of the injury and its cause. The *Johnston* case said that the Ninth Circuit had applied a discovery rule, but that discovery rule was only

applied to extend the date of accrual of claim beyond death, and not to pretermit a claim before death.

- The Eleventh Circuit in *White* held that a cause of action accrues for purposes of the general maritime statute of limitations when plaintiff knew or should have known of his injury and its cause. 129 F.3d at 1434. The court stressed that Congress passed the general maritime statute of limitations using the word "accrue" in 1980 after both *Urie* and *Kubrick* had been decided by the Supreme Court, and Congress continued to use the word "accrue" with no indication of disagreement with how it had been interpreted in those cases.

Federal law supports the proposition that accrual of a wrongful death claim occurs on the date of death, not the date of the seaman's prior injury, or on a date beyond death when the cause of death is discovered. We join our sister circuits on the Third, Fifth, Sixth and Seventh Circuits in holding that federal law determines when a wrongful death claim accrues, and that a wrongful death claim does not accrue before the time of death. *See Miller*, 463 F.3d at 272 n.5 ("[I]f the survivors can bring a wrongful death claim, the statute of limitations begins to run on the date they sustain the pecuniary loss, i.e., the date of the decedent's death."); *Kington v. United States*, 396 F.2d 9, 12 (6th Cir. 1968) ("Traditionally an action for wrongful death accrues upon the date of death."); *Fisk*, 657 F.2d at 171 ("[W]hen a state statute creates an independent cause of action for wrongful death, it cannot accrue for FTCA purposes until the date of the death which gives rise to the action.").

In determining whether 46 U.S.C. § 30106 bars Sherri Deem's claim, we look to the "circumstances surrounding the enactment as well as the object to be accomplished by

it." *Bedoni v. Navajo-Hopi Indian Relocation Com.*, 878 F.2d 1119, 1120 (9th Cir. 1989). Sherri Deem's wrongful death action originates from the Death on the High Seas Act ("DOHSA") codified at 46 U.S.C. § 30301 *et seq.* The DOHSA was the result of a pronounced shift towards the preservation of claims by deceased seamen as described in *Moragne.* 398 U.S. at 409 ("We accordingly overrule *The Harrisburg*, [and] hold that an action does lie under general maritime law for death caused by violation of maritime duties.").

Prior to *Moragne*, the key precedential decision on wrongful death claims was *The Harrisburg*, 119 U.S. 199 (1886), which held that there was no basis in admiralty law for a wrongful death action, which could only be considered if authorized by state statutory or decisional law. The holding in *The Harrisburg* was re-examined in *Moragne* in 1970*, 398 U.S. at 376, when the Court considered whether *The Harrisburg* "should any longer be regarded as acceptable law." *Id.* It is striking that when faced with the identical question nearly 84 years after *The Harrisburg* had decided it, in *Moragne*, the Supreme Court explained that "the work of the legislatures has made the allowance of recovery for wrongful death the general rule of American law, and its denial the exception." *Id.* at 393. "Where death is caused by the breach of a duty imposed by federal maritime law, Congress has established a policy favoring recovery in the absence of a legislative direction to except a particular class of cases." *Id*. Thus, *Moragne* became the leading case in this area of the law governing wrongful death actions, and it in turn sparked pertinent legislative actions.

Thereafter, wrongful death causes of action for those harmed by wrongful acts at sea were codified. 46 U.S.C.

§ 30302.**[2]**  As originally enacted in 1920, the statute limited the time within which a person could bring a wrongful death claim to two years.  It was not until Section 30106 was enacted that Congress decided to create uniformity among the varied statutes of limitation by establishing a uniform three-year limitations period generally governing maritime torts.  *See* Pub. L. No. 96-382, § 2, 94 Stat. 1525 (1980).

It is axiomatic that an individual must satisfy certain conditions before bringing a claim.  If all the elements of a claim are not met, the claim necessarily fails.  In our view, by definition, a wrongful death claim cannot arise before the necessary condition precedent of the wrongful death occurs.  Until Thomas Deem had passed away, his spouse Sherri Deem could not bring a wrongful death lawsuit.  The harms to Thomas Deem from mesothelioma, and the harm to his wife Sherri Deem caused by his demise, are distinct and give rise to two separate claims.  This framework was endorsed by the reasoning of the Supreme Court in *Moragne*.  There, when comparing wrongful death and personal injury actions, the Court explained that "the harms to be assuaged are not identical in the two cases: in the case of mere injury, the person physically harmed is made whole for his harm, while in the case of death, those closest to him—usually spouse and children—seek to recover for their total loss of one on whom they depended."  *Moragne*, 398 U.S. at 382.  "This difference, however, even when coupled with the practical difficulties of defining the class of beneficiaries who may recover for death, does not seem to account for the law's

---

**[2]** "When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible."  46 U.S.C. § 30302.

refusal to recognize a wrongful killing as an actionable tort." *Id*. Thus, *Moragne*'s disagreement with *The Harrisburg*'s refusal to recognize a wrongful death action, and *Moragne*'s reasoning underlying its conclusion, together give a clear signal that Sherri Deem has a right to bring a wrongful death action after her husband's death. Equally important, the Supreme Court's holding in *Moragne* compels the conclusion that the wrongful death and personal or survival claims exist as two separate claims with two different accrual dates, contrary to the district court's reasoning that those claims, because related, accrued at the same time, that is, upon discovery of the illness.

There is a clear and logical distinction between wrongful death and personal injury claims under maritime law. To preserve a decedent's personal injury claims that they filed while alive, the decedent's representative can take the decedent's place as the plaintiff of the personal injury action even after the person is dead so long as the personal injury claim was filed within the three years of the statute of limitations. Under 46 U.S.C. § 30305 the personal injury cause of action is for the benefit of the deceased.

Conversely, "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30302. "The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." *Id*. The differences between a representative action for the injured seamen, which becomes a survival action on death, and a wrongful death action for the seaman's surviving family members, was clearly explained by the Third Circuit in its decision in *Calhoun v.*

*Yamaha Motor Corp., U.S.A.*, 40 F.3d 622 (3rd Cir. 1994), where it stated:

> Throughout the previous discussion of the case law, reference has been made to wrongful death actions and to survival actions. Although they are often lumped together without any distinction, *see Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084, 1093 (2d Cir.1993) (where plaintiffs treated as a single action a claim for "wrongful death and survivorship benefits"), they are, in fact, quite distinct. *See, e.g., Gaudet*, 414 U.S. at 575 n. 2 (distinguishing wrongful death statutes from survival statutes).
>
> A wrongful death cause of action belongs to the decedent's dependents (or closest kin in the case of the death of a minor). It allows the beneficiaries to recover for the harm that they personally suffered as a result of the death, and it is totally independent of any cause of action the decedent may have had for his or her own personal injuries. Damages are determined by what the beneficiaries would have "received" from the decedent and can include recovery for pecuniary losses like lost monetary support, and for non-pecuniary losses like loss of society. 2 Benedict on Admiralty § 81(a), at 7–2. A survival action, in contrast, belongs to the estate of the deceased (although it is usually brought by the deceased's relatives acting in a representative capacity) and allows recovery

> for the injury to the deceased from the action
> causing death. Under a survival action, the
> decedent's representative recovers for the
> decedent's pain and suffering, medical
> expenses, lost earnings (both past and future),
> and funeral expenses. *Id.*

Congress has made a clear differentiation between the personal injury claims of a decedent and the wrongful death claims for the benefit of the decedent's relatives, dependents, and kin.

To hold as Appellees urge us, that the statute of limitations began to accrue on the date that Thomas Deem learned of his injury of mesothelioma flies in the face of the clear Supreme Court's guidance in *Moragne*.

Consider a hypothetical case like this one, but where an illness from mesothelioma lingered on for more than three years after diagnosis but before death. In that hypothetical case, if one credited defendants' argument that there was discovery of injury from mesothelioma when illness was discovered, then any recovery for wrongful death would have been extinguished before the death even occurred. That result could not be reconciled with the Supreme Court's holding and reasoning in *Moragne*, that the maritime law permits a claim for wrongful death for benefit of surviving family, distinct from the claim of the seaman for personal injury. Thus, we hold that the text of 40 U.S.C. § 30106 requires two separate accrual dates for the two separate claims. We hold that the uniform maritime three-year statute of limitations on a wrongful death claim begins to accrue on the date of the fulfillment of the condition precedent to bringing the wrongful death claim, i.e., a decedent's death.

Where the cause of death is known at time of death, suit for wrongful death can be brought for three years thereafter.[3]

We reverse and remand to the district court for its reconsideration of Sherri Deem's claims in light of our holding that the statute of limitations for her claim began to accrue on the date of Thomas Deem's alleged wrongful death, and not before that death. We do not reach issues of causation, that is, whether products containing asbestos were a substantial cause of decedent's death, which should be considered on remand by the district court in the first instance. Nor do we decide the scope of any wrongful death action to which Sherri Deem may be entitled.

**REVERSED AND REMANDED.**

---

[3] We have no occasion in this case to assess whether a need for a discovery rule can extend the date of claim accrual beyond date of death. *See In re Swine Flu Prods. Liab. Litig.*, 764 F.2d at 640. It is enough to hold that discovery of a related illness cannot pretermit a wrongful death claim under maritime law after three years because only a death can spark accrual of a wrongful death claim.